UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE M. SMITH,

        Petitioner,

v.                                                    Case No. 19-cv-11598
                                                      Honorable Linda V. Parker

SHERMAN CAMPBELL,

        Respondent.

_____/

**OPINION AND ORDER DENYING HABEAS PETITION, DENYING A
CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO
APPEAL *IN FORMA PAUPERIS***

Petitioner Dwayne M. Smith, a state prisoner in the custody of the Michigan

Department of Corrections, filed a *pro se* habeas corpus petition challenging his

plea-based convictions and sentence for two counts of armed robbery, Mich.

Comp. Laws § 750.529.  Petitioner raises two claims about his trial attorney.

Respondent argues in his Answer that Petitioner waived and procedurally defaulted

his claims and that the Michigan Court of Appeals reasonably rejected the claims

on the merits.  The Court agrees that Petitioner's claims do not warrant habeas

corpus relief.  Accordingly, the Court is denying the habeas petition and declining

to issue a certificate of appealability.   The Court, nevertheless, will allow

Petitioner to appeal this decision *in forma pauperis.*

## I.  Background

Petitioner was charged with two counts of armed robbery.  The charges

arose from an incident at a Family Dollar Store in Waterford, Michigan on

December 30, 2015.  In state court appellate proceedings, the State described the

evidence as "strongly arrayed against" Petitioner because one victim

> identified him as one of the robbers at a photo array and at [the]
> preliminary examination. The robbery was also captured on the
> surveillance tape.  One of the victim's phones [was] found on
> defendant when he was arrested for another armed robbery of a
> similar store in a different city one day later.  Also, defendant's cell
> phone was established to have been [in] the area of Family Dollar at
> the time of the robbery.

(Br. at 13, ECF No. 12-5 at Pg ID 310 n.4 (citations omitted); *see also* 6/14/16

Hr'g Tr. at 5-43, ECF No. 12-2 at Pg ID 115-53 (a victim's identification of

Petitioner and testimony about the robbery).)

On August 21, 2017, Petitioner pleaded no contest to the charges in Oakland

County Circuit Court.  In return, the prosecution agreed to dismiss a "super"

habitual offender notice, which would have required Petitioner to serve a minimum

sentence of twenty-five years in prison.  The parties also agreed to:  a minimum

sentence of at least seventeen years in prison; sentencing credit for time served

(one and a half to two years); and a sentence that would run concurrently with any

unrelated sentences that Petitioner was serving at the time.  (*See* 8/21/17 Plea Tr.,

ECF No. 12-3 at Pg ID 175-183.)

2

On September 14, 2017, the state trial court sentenced Petitioner to two concurrent terms of seventeen to thirty years in prison with credit for 517 days. The court also ordered the sentence to run concurrently with any time that Petitioner was already serving. (*See* 9/14/17 Sentencing Tr., ECF No. 12-4 at Pg ID 207-208.)

Petitioner applied for leave to appeal in the Michigan Court of Appeals where he argued that: (1) he lacked the assistance of counsel during a critical stage of the proceedings because his pre-plea request for counsel to withdraw from the case was denied; and (2) he was denied effective assistance of counsel during the plea-bargaining process because his attorney refused to raise a speedy trial claim. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" to the court. *See People v. Smith*, No. 341552 (Mich. Ct. App. Feb. 6, 2018). Petitioner raised the same claims in the Michigan Supreme Court, which denied leave to appeal on May 29, 2018, because the Court was not persuaded to review the questions presented to the court. *See People v. Smith*, 911 N.W.2d 724 (Mich. 2018).

On May 30, 2019, Petitioner filed his federal habeas petition. (*See* Pet., ECF No. 1.) Petitioner did not articulate any grounds for relief in the form he used; instead, he referred the reader to pages 4 through 7 of his state appellate brief. (*See id*. at Pg ID 5, 7.) Although Petitioner indicated that he was attaching his appellate

3

brief to his habeas petition, the Court did not receive any attachments to the

petition. Accordingly, the Court ordered Petitioner to file an amended petition or a

short and plain statement of his grounds for relief. (*See* 7/25/19 Order for More

Definite Statement, ECF No. 5.) Petitioner then filed a motion for a stay and for an

extension of time to comply with the Court's order for more definite statement

(Mot., ECF No. 6), which the Court denied as moot because Petitioner attached his

state appellate brief to the motion and he did not appear to be raising any new

claims that were not raised in state court (*see* 2/4/20 Order Denying Mot. for a Stay

and an Extension of Time, ECF No. 8).

Respondent subsequently filed an Answer to the habeas petition. (*See*

Answer in Opp'n to Pet. for Writ of Habeas Corpus, ECF No. 11.) Respondent

urges the Court to deny relief because Petitioner waived or procedurally defaulted

his claims and because the Michigan Court of Appeals reasonably rejected the

claims on the merits. (*See id*. at Pg ID  60.) The Court proceeds to address

Petitioner's claims, as set forth in his state appellate brief.

## II.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a prisoner challenging "a matter 'adjudicated on the merits in State

court'" must "show that the relevant state court 'decision' (1) 'was contrary to, or

involved an unreasonable application of, clearly established Federal law,' or (2)

'was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191

(2018) (quoting 28 U.S.C. § 2254(d)).  The Supreme Court has explained that

> a state court decision is "contrary to [the Supreme Court's] clearly
> established precedent if the state court applies a rule that contradicts
> the governing law set forth in [Supreme Court] cases" or "if the state
> court confronts a set of facts that are materially indistinguishable from
> a decision of [the Supreme] Court and nevertheless arrives at a result
> different from [Supreme Court] precedent."

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529 U.S.

362, 405-406 (2000)) (alterations added).  Further,

> "under the 'unreasonable application' clause, a federal habeas court
> may grant the writ if the state court identifies the correct governing
> legal principle from [the Supreme] Court's decisions but unreasonably
> applies that principle to the facts of the prisoner's case." *Id.*, at 413,
> 120 S. Ct. 1495.  The "unreasonable application" clause requires the
> state court decision to be more than incorrect or erroneous. *Id.*, at
> 410, 412, 120 S. Ct. 1495.  The state court's application of clearly
> established law must be objectively unreasonable. *Id.,* at 409, 120 S.
> Ct. 1495.

*Id.* at 75 (quoting *Williams*, 529 U.S. at 413).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-

court rulings,' and 'demands that state-court decisions be given the benefit of the

doubt[.]'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal and end citations

omitted).  "A state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of the

5

state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting

*Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Thus, "[o]nly an 'objectively unreasonable' mistake, . . . one 'so lacking in

justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement,' slips through the

needle's eye of § 2254." *Saulsberry v. Lee*, 937 F.3d 644, 648 (6th Cir.), *cert.*

*denied*, 140 S. Ct. 445 (2019) (quoting *Richter*, 562 U.S. at 103). "That's a 'high

bar' to relief, which 'is intentionally difficult to meet.'" *Kendrick v. Parris*, 989

F.3d 459, 469 (6th Cir. 2021) (quoting *Woods v. Donald*, 575 U.S. 312, 316

(2015)).

## III. Discussion

### A. The Alleged Lack of Counsel during a Critical Stage

In his first ground for relief, Petitioner alleges that he was denied the

assistance of counsel during the plea proceeding because the trial court denied his

pre-plea request for appointment of a different attorney. Petitioner alleges that he

made a timely and good-faith request for substitution of counsel and that he

established a breakdown in the attorney-client relationship. He concludes that the

court's denial of his request violated his constitutional right to counsel at a critical

stage of the proceeding.

The Sixth Amendment to the United States Constitution provides the accused in a criminal prosecution "the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court's precedents provide that, "once the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all 'critical' stages of the criminal proceedings." *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). "A plea hearing qualifies as a 'critical stage.'" *Iowa v. Tovar*, 541 U.S. 77, 87 (2004) (citing *White v. Maryland,* 373 U.S. 59, 60 (1963)).

Contrary to Petitioner's allegation, however, he was not deprived of the assistance of counsel at his plea. He was represented by counsel throughout the proceeding, and this is not a case where defense counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing" or provided assistance "so small that a presumption of prejudice is appropriate." *United States v. Cronic*, 466 U.S. 648, 659-60 (1984).

Furthermore, Petitioner had no right to substitution of counsel because the attorney who represented him at the plea was appointed. Although

> [t]he [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, . . . those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts. "[A] defendant may not insist on representation by an attorney he cannot afford."

*Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989) (quoting

*Wheat v. United States*, 486 U.S. 153, 159 (1988)). Stated differently, "the right to

counsel of choice does not extend to defendants who require counsel to be

appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006).

Finally, the record reflects that Petitioner waived review of his claim.

Petitioner pleaded guilty on the scheduled trial date. (*See* 8/21/17 Plea Tr., ECF

No. 12-3.) At the beginning of the proceedings, Petitioner orally moved for

substitute counsel and the trial court denied his request. (*Id.* at Pg ID 163-67.)

There was a brief break in the proceedings shortly thereafter and when the case

was recalled, defense counsel announced that Petitioner wanted to take advantage

of the prosecutor's plea offer. (*Id.* at Pg ID 175.) Defense counsel acknowledged

that a few minutes earlier Petitioner had said he did not want defense counsel to be

his lawyer, but counsel believed Petitioner understood the circumstances and had

made his decision of his own accord. (*Id.* at Pg ID 176-77.)

Petitioner then engaged in a colloquy with the trial court and indicated that

he wanted to plead no contest. (*Id.* at Pg ID 178-83.) When the court pointed out

that Petitioner had asked to have his attorney dismissed from the case earlier that

morning, Petitioner stated that he was comfortable with the plea. (*Id.* at Pg ID

180-81.) Petitioner also stated that he had an adequate opportunity to discuss the

plea with his attorney and that he wished to plead no contest.  (*Id.* at Pg ID 178-

183.)

Petitioner's no-contest plea represented a break in the chain of events that

preceded it, and he is not attacking the voluntary and intelligent nature of his plea.

Therefore, his no-contest plea forecloses this Court's review of his denial of

counsel of choice claim.  As explained in *United States v. Broce*, 488 U.S. 563

(1989),

> [a] plea of guilty and the ensuing conviction comprehend all of the
> factual and legal elements necessary to sustain a binding, final
> judgment of guilt and a lawful sentence.  Accordingly, when the
> judgment of conviction upon a guilty plea has become final and the
> offender seeks to reopen the proceeding, the inquiry is ordinarily
> confined to whether the underlying plea was both counseled and
> voluntary.  If the answer is in the affirmative then the conviction and
> the plea, as a general rule, foreclose the collateral attack.

*Id.* at 569.  This principle applies to no-contest pleas, because "[l]ike a plea of guilty,

a plea of nolo contendere constitutes a waiver of all so-called 'non-jurisdictional

defects' or, more accurately, any claims not logically inconsistent with the issue of

factual guilt[.]"  *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982).

Petitioner's claim lacks merit and was waived by his plea.  Further, the state

appellate court's rejection of the claim for lack of merit was objectively reasonable.

The Court, therefore, declines to grant relief on Petitioner's first claim.

### B.  Effective Assistance of Counsel During the Plea

In his only other claim, Petitioner alleges that he was denied effective

assistance of counsel during the plea-bargaining process because his court-

appointed attorney refused to raise a speedy trial claim in his behalf.

### 1.  Legal Framework

The constitutional right to counsel and the right to effective assistance of

competent counsel extends to the plea-bargaining process.  *Lafler v. Cooper*, 566

U.S. 156, 162 (2012).  But to prevail on his ineffectiveness claim, Petitioner must

show "that counsel's performance was deficient" and "that the deficient

performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).

When a defendant is presented by counsel and enters a plea on the advice of

counsel, the deficient-performance prong of *Strickland* depends on whether

counsel's advice was within the range of competence demanded of attorneys in

criminal cases.  *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985).  The "prejudice"

requirement "focuses on whether counsel's constitutionally ineffective

performance affected the outcome of the plea process."  *Id*. at 59.  The defendant

must show a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial.  *Id*.  Although a

defendant can waive the right to put on a defense, when a plea is challenged

through an ineffective-assistance-of-counsel claim, the availability of a defense is

relevant under *Hill* for determining whether the defendant suffered prejudice.

*Dando v. Yukins*, 461 F.3d 791, 798 n.1 (6th Cir. 2006).

According to Petitioner, defense counsel was ineffective for failing to move

for a speedy trial.  The right to "a speedy trial is guaranteed the accused by the

Sixth Amendment to the Constitution." *Barker v. Wingo*, 407 U.S. 514, 515

(1972).  Some of the factors courts should assess in determining whether a

defendant's right has been violated are:  "Length of delay, the reason for the delay,

the defendant's assertion of his right, and prejudice to the defendant." *Id* at 503.

## 2. Application of the Law

Earlier in the proceedings on the day of Petitioner's guilty plea, he indicated

to the court that his case had been pending for sixteen months and that his attorney

had not filed a motion for a speedy trial.  (8/21/17 Plea Tr., ECF No. 12-3 at Pg ID

163.)  The prosecutor, however, pointed out that Petitioner also was prosecuted in

Wayne County and that some of the delay was due to Petitioner's request to have

his former attorney replaced.  (*Id.* at Pg ID 163-164.)  Defense counsel added that

it had been difficult to prepare the case because Petitioner had been in and out of

Oakland County for most of the time his case was pending there.  (*Id.* at Pg ID

11

164.)[1]  Defense counsel also stated that, to the extent there were motions that he

did not file, the reason for not filing them was because he did not believe the

motions were appropriate or useful.  (*Id*. at Pg ID 165.)

Petitioner stated that defense counsel and the court knew where he was and

that the court could have arranged to have him brought over from Wayne County.

(*Id*. at Pg ID 165-166.)  The trial court nevertheless opined that Petitioner had not

shown any prejudice as a result of the alleged delay in bringing Petitioner to trial.

(*Id*. at Pg ID 166.)  The trial court pointed out that Petitioner was incarcerated due

to a one-to-fifteen-year sentence and had recently been sentenced to eleven and a

half to thirty years and "[s]o he wasn't going anywhere" and there had been

difficulty getting him from other courts because of these other pending matters and

sentencings.  (*Id.*)  At Petitioner's sentencing, the trial court again opined that there

was no violation of Petitioner's speedy trial rights.  (*See* 9/14/17 Sentencing Tr.,

ECF No. 12-4 at Pg ID 206.)

Petitioner, moreover, initially was facing a minimum sentence of twenty-five

years in prison.  The plea agreement called for a minimum sentence of seventeen

years, and with almost two years of jail credit, his minimum sentence was closer to

---

[1]  At the subsequent sentencing, defense counsel stated that Petitioner "was
initially arrested and then whisked to another county and back to the State facility
and then back to another county and back here."  (9/14/17 Sentencing Tr., ECF No.
12-4 at Pg ID 199.)

fifteen years.  (*See* 8/21/17 Plea Tr., ECF No. 12-3 at Pg ID 168.)  The plea

agreement also called for Petitioner's minimum sentence to run concurrently with

his recent Wayne County sentence, which was approximately eleven or eleven and

a half years.  This meant that Petitioner would serve only about three and a half

more years on his Oakland County case after serving his Wayne County sentence.

(*See id*. at Pg ID 168-169.)  Petitioner ultimately received 517 days of credit on his

sentence.  (*See* 9/14/17 Sentencing Tr., ECF No. 12-4 at Pg ID 202.)

Given the favorable plea agreement, the strength of the prosecution's case,

and the unlikelihood that Petitioner would have prevailed on a motion for speedy

trial, defense counsel's failure to file a motion for speedy trial did not prejudice

Petitioner.  And "there can be no finding of ineffective assistance without

prejudice."  *Shimel v. Warren*, 838 F.3d 685, 697 (6th Cir. 2016) (citing *Phillips v.*

*Bradshaw*, 607 F.3d 199, 216 (6th Cir. 2010) (citing *Strickland*, 466 U.S. at 691-

92)).

Petitioner's claim lacks merit, and the state appellate court's rejection of the

claim for lack of merit was objectively reasonable.  Petitioner, therefore, has no

right to relief on his second claim.

### III.  Conclusion

Petitioner waived review of his first claim by pleading no contest, and both

of his claims lack merit.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied

because reasonable jurists could not disagree with the Court's resolution of

Petitioner's claims, nor conclude that the issues deserve encouragement to proceed

further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*,

529 U.S. 473, 484 (2000)).

**IT IS FURTHER ORDERED** that Petitioner may proceed *in forma*

*pauperis* on appeal if he appeals this decision because he was permitted to proceed

without prepayment of the fees and costs for this action, and an appeal could be

taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, March 15, 2022, by electronic and/or
U.S. First Class mail.

s/Aaron Flanigan
Case Manager